UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Margaret Risner,

    Plaintiff,

v.                                 Case No. 2:09-cv-609
                                    Judge Michael H. Watson

Tri-County Regional Jail

    And

Local 11, AFSCME, OCSEA,

    Defendants.

## OPINION AND ORDER

This case concerns alleged sexual discrimination resulting from the use of gender-specific employee lists for the purposes of determining seniority and seniority-related scheduling. Plaintiff Margaret Risner ("Plaintiff" or "Risner") asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 — 2000e-17 ("Title VII"), and Ohio Revised Code §§ 4112.02 and 4112.99. This matter is before the Court on the motion to dismiss filed by Defendant AFSCME Local 11, Ohio Civil Service Employees Association ("Defendant" or "Union"). (Doc. 8). Defendant Union moves to dismiss Plaintiff Risner's claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons that

follow the Court **DENIES** Union's motion to dismiss.

## I. FACTS

Plaintiff Margaret Risner became employed as a Corrections Officer by Defendant Tri-County Regional Jail ("Tri-County"), a regional governmental entity that operates a jail, on or around February 6, 2006. At this time, Union was the duly authorized collective bargaining representative of the unit of employees at Tri-County of which Risner was a member. Per its collective bargaining agreement with Union, Tri-County maintained two gender-specific seniority lists. These lists were used in a system created by Tri-County and Union to determine posts and shifts for Tri-County Corrections Officers. The posts and shifts were gender-specific; female Corrections Officers bid for the designated female shifts and posts, and male Correction Officers bid for the designated male posts and shifts. These shifts and posts were then assigned based on seniority as determined by the gender-specific seniority lists.

Risner alleges that as a result of this gender-divided system she received less desirable post and shift assignments than did less senior male Corrections Officers.

Risner complained to Tri-County about the gender-specific seniority list system. Risner alleges that as a result of her complaint she was disciplined. Risner filed charges with the Equal Employment Opportunities Commission ("EEOC") asserting discrimination based on gender by Tri-County and Union. The EEOC advised her of her right to bring this lawsuit.

Risner alleges Tri-County and Union discriminated against her because of her gender in violation of Title VII and Ohio Revised Code §§ 4112.02 and 4112.99. Further, Risner alleges Tri-County unlawfully retaliated against her in response to her

complaint about the gender-specific seniority list system.

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. Ohio 2005). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may either attack the claim of jurisdiction on its face or can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When analyzing a facial, rather than factual attack for lack of subject matter jurisdiction, "'the court must consider the allegations of the complaint as true.'" *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). Dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) is "proper if the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006) (citing *Eubanks v. McCotter*, 802 F.2d 790, 793 (5th Cir. 1986) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1945))). "When a 12(b)(1) motion attacks the face of a complaint," as it does here, "the plaintiff's burden to prove the federal question subject matter jurisdiction is not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (citing *RMI Titanium Co.*, 78 F.3d at 1134). "The plaintiff must show only that the complaint alleges

a claim under federal law, and that the claim is 'substantial.' A federal claim is substantial unless 'prior decisions inescapably render [it] frivolous.'" *Musson*, 89 F.3d at 1248 (alteration in original) (quoting *Transcontinental Leasing v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984)); *see also Bd. of Trustees v. City of Painesville*, 200 F.3d 396, 398 (6th Cir. 1999). "In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson*, 89 F.3d at 1244; *e.g., Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 611 (6th Cir. 2008). The Sixth Circuit has stated that a claim is considered to be insubstantial and frivolous if it "'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" *Moore*, 458 F.3d at 444 (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)).

## B. Fed. R. Civ. P. 12(b)(6)

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

A court also must "construe the complaint in the light most favorable to the

plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Tucker v. Ohio Dep't of Rehab & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court must read *Twombly* in conjunction with Federal Rule of Procedure 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gunaskera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] naked assertion... gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility. . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond a mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-58 (internal citations omitted).

## III. DISCUSSION

Union moves for dismissal on the basis of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Union argues dismissal is proper because federal law is preempted by state law. The Court disagrees. The Court finds no basis for dismissing the Title VII claim. Union's motion does not set forth a basis for dismissing the state law claim under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).

Union argues Risner's Title VII claim "is preempted by [Ohio Revised Code] § 4117 and therefore subject to the exclusive jurisdiction of the State Employment Relations Board ("SERB") for three reasons." Def. Union's Mot. to Dismiss (Doc. 8) at 3. First, Union argues its sole duty to Risner is to represent her in collective bargaining agreement negotiations, and any claim that the inclusion of the gender-based seniority system in that agreement is discriminatory is, in effect, a claim that Union failed to adequately represent Risner. *Id.* at 4. Such a claim is, according to Union, subject to SERB's exclusive jurisdiction. Second, Union argues that because its connection to the alleged discriminatory system is limited solely to Union's role as a negotiator/creator, rather than a role as an implementer, again, this claim is one of inadequate representation — an area relegated, according to the Union, exclusively to SERB. *Id.* at 5 — 6. Third, Union argues that because its potential liability arises as a result of the collective bargaining agreement it negotiated, any judicial determination of discrimination resulting from the implemented seniority system will inevitably require an analysis of the collective bargaining agreement in which the system was first memorialized. *Id.* at 6 — 7. Union argues the Court is not permitted to interpret this agreement because the Ohio General Assembly placed such interpretation in the exclusive jurisdiction of SERB.

As to Risner's Title VII claim against Union, Union's arguments of SERB's exclusive jurisdiction fail.

Union contends the state laws of Ohio operate to preempt the federal law encased in Title VII. This is incorrect. Under the Supremacy Clause, Article VI, Clause 2 of the United States Constitution, state laws like those in Ohio Revised Code Chapter

4117 do not preempt federal law. The Supremacy Clause reads as follows:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. I, § 1.

As it has been interpreted, the Supremacy Clause means federal statutes are controlling over both state constitutional and statutory provisions. As a result, state laws are subordinate to federal laws, which are enacted per the United States Constitution. *Florida v. Mellon*, 273 U.S. 12, 17 (1927) ("Whenever the constitutional powers of the federal government and those of the state come into conflict, the latter must yield.") Thus, the confines of Ohio Revised Code Chapter 4117 do not operate to preempt Title VII.

The federal law in question, Title VII, provides, in relevant part, that "[i]t shall be an unlawful employment practice for a labor organization . . . to discriminate against[ ] any individual because of his sex . . ." 42 U.S.C. § 2000e-2(c)(1).

The United States Supreme Court stated in *Alexander v. Gardner-Denver* that Congress intended for federal courts to enforce the promises of Title VII, 415 U.S. 36, 56 (1974), and it intended for individuals "to pursue independently [their] rights under both Title VII and other applicable state and federal statutes." *Id.* at 48. Additionally, the Court determined that rights conferred by Title VII "can form no part of the collective-bargaining process since waiver of those rights would defeat the paramount congressional purpose behind Title VII" — " that each employee be free from

discriminatory practices." *Id.* at 51.

Union cites numerous cases to support its assertion of SERB's exclusive jurisdiction, but each is inapposite. *Rivera v. Fisher*, 2001 Ohio App. LEXIS 4949 (Ohio Ct. App. Dist. 5 Feb. 12, 2001) and *Franklin County Law Enforcement Ass'n v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St. 3d 167 (Ohio 1991) are both Ohio cases dealing with state law claims and are non-binding on this Court with regards to the Title VII claim. In *Holt v. Ohio*, the court found the *state* law claims against the defendant OCSEA were preempted, but only "[t]o the extent Plaintiff intended to plead a cause of action for unfair labor practice against OCSEA for breach of duty of fair representation." No. C2-05-894, 2006 U.S. Dist LEXIS 69960, at *28 (S.D. Ohio Sept. 26, 2006). Here, Risner raises federal claims and gives no indication that she intended instead to plead a state law claim of unfair labor practice. That a plaintiff has sufficient cause to raise additional claims does not mean her claim necessarily must be converted.

Thus, Ohio Revised Code Chapter 4117 does not, as Union suggests, "preempt" federal law. Chapter 4117 created state law rights, and to the extent a plaintiff relies on the rights conferred by that chapter, he or she is confined to its remedies. But where, as here, the plaintiff only looks elsewhere, the confines of Chapter 4117 do not apply.

Risner alleged a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2. Title VII specifically confers jurisdiction to the federal district courts. 42 U.S.C. Section 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title"). This District Court has

original jurisdiction over this civil action arising under the laws of the United States. The claim is not immaterial or frivolous, nor does it appear to be made solely for the purpose of obtaining jurisdiction. Thus, this Court does have jurisdiction over Plaintiff's Title VII claim against Union.

Further, this Court may exercise jurisdiction over Risner's state law discrimination claims under the doctrine of supplemental jurisdiction. As codified in 28 U.S.C. § 1367, supplemental jurisdiction grants district courts jurisdiction over state law claims so related to the claims within the original jurisdiction of the court "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state law violations alleged in this case arise from the same conduct that allegedly led to the Title VII discrimination claim; therefore, the exercise of supplemental jurisdiction over the state law discrimination claims brought against Union is proper.

Thus, Union's motion to dismiss for lack of subject matter jurisdiction is denied.

## IV. DISPOSITION

For the above reasons, the Court **DENIES** Defendant's motion to dismiss. (Doc. 8).

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**